NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIANA BUTNARCIUC, | No. 19-70497 |
| Petitioner, | Agency No. A089-966-977 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2020[**]
Portland, Oregon

Before: BENNETT and MILLER, Circuit Judges, and NAVARRO,[***] District
Judge.

Diana Butnarciuc, a native and citizen of Moldova, seeks review of a Board

of Immigration Appeals order dismissing her appeal from an immigration judge's

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Gloria M. Navarro, United States District Judge for
the District of Nevada, sitting by designation.

decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

The Board denied relief after upholding the immigration judge's adverse-credibility finding on the basis of Butnarciuc's inconsistent and implausible testimony. Substantial evidence supports that finding.

For example, Butnarciuc alleges that she cannot return to Moldova because, as a democratic, anti-communist activist, she fears persecution by communist "secret agents" who have "infiltrated" the Moldovan government. In 2017, she testified that "the communists are now the majority in" Moldova and "the democrats, simply . . . are not protected." But the immigration judge found that Butnarciuc's testimony contradicted her documentary submissions, which indicated that in 2010, an anti-communist coalition—led by a member of Butnarciuc's own political party—came to power. The immigration judge also relied on a report indicating that, as of 2016, non-communists remained in power. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) ("[A] finding made by an IJ that a petitioner's testimony is implausible given the evidence in a Country Report or other objective evidence is accorded deference."). When Butnarciuc was questioned about the contradiction, she initially refused to say whether the communists had ceded any power, and only later explained that the "political

2

situation is very unexpected" and that "communists are . . . [in] first place, even unofficially." The immigration judge found that her testimony on this point was both inconsistent and implausible.

In addition, Butnarciuc testified that after she was attacked in 2005, she did not contact the police or any other official, allegedly because doing so would have been futile because they were all communists. The immigration judge found that testimony to be inconsistent with her statement that, after her mother reported a separate attack in 2007, government prosecutors apparently took the report seriously, interviewed Butnarciuc, and "promised they [would] catch the attackers," although they were ultimately unsuccessful.

The agency could have interpreted the evidence more favorably to Butnarciuc, but considering the totality of the circumstances, we cannot say that "any reasonable adjudicator would be compelled to conclude" that Butnarciuc's allegations of past persecution or fear of future persecution were credible. 8 U.S.C. § 1252(b)(4)(B); *see id.* §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Shrestha v. Holder*, 590 F.3d 1034, 1042–44 (9th Cir. 2010).

In the absence of credible testimony, the Board determined that Butnarciuc's "corroborating documentary evidence alone [was] insufficient to establish past persecution [or] a well-founded fear of persecution" on account of her political opinion or her membership in a particular social group. *See Al-Harbi v. INS*, 242

F.3d 882, 891 (9th Cir. 2001) ("In light of the adverse credibility finding, we . . . look for support only to the documentary material in the record."). Substantial evidence supports that determination. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Substantial evidence also supports the agency's determination that Butnarciuc did not establish that, if returned to Moldova, she will more likely than not be tortured by or with the acquiescence of the government. 8 C.F.R. §§ 1208.16(c)(2)–(3), 1208.18(a)(1). Because Butnarciuc's testimony was found not credible, and her corroborating evidence alone does not compel the conclusion that she is more likely than not to be tortured, the Board properly rejected her claim. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION DENIED**.